IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG VAN ARSDEL | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 14-2579 |
| | : | |
| v. | : | |
| | : | |
| LIBERTY MUTUAL INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

Smith, J.                                                                                                September 5, 2014

## MEMORANDUM OPINION

Presently before the court is the motion to dismiss filed by the defendant, Liberty Mutual Insurance Company. In the motion, the defendant seeks to have the court dismiss count I (breach of contract) and count II (statutory bad faith) of the amended complaint filed by the plaintiff, Craig Van Arsdel, because it contends that the state-law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 28 U.S.C. §§ 1001-1191c. For the reasons set forth below, the court will deny the motion without prejudice to raise the issue of possible ERISA preemption at a subsequent stage in the proceedings.

I.      ALLEGATIONS AND PROCEDURAL HISTORY

On April 3, 2014, the plaintiff filed a complaint against the defendant in the Court of Common Pleas of Philadelphia County. Notice of Removal ("Notice"), at Ex. 1, Compl., Doc. No. 1. In the complaint, the plaintiff alleges that in 2011, he purchased a group disability insurance policy (the "Policy") from the defendant to provide him with insurance coverage if he became disabled in performing his occupation as a plant controller for Pratt Industries USA. Compl. at ¶¶ 3, 4. To maintain this policy, the plaintiff paid all premiums required under the agreement with the defendant. *Id.* at ¶ 4.

The plaintiff developed severe arthritis in his right hip along with a multitude of other ailments and, by January 4, 2013, he could not continue working as a plant controller. *Id.* at ¶ 8. The plaintiff applied for short-term disability ("STD") benefits under the Policy on January 24, 2013, and he received STD benefits from February 1, 2013 until April 7, 2013.[1] *Id.* at ¶¶ 9, 10. On March 28, 2013, the plaintiff applied for long-term disability ("LTD") benefits, but the defendant denied his application. *Id.* at ¶¶ 11, 12. Although the plaintiff appealed from the denial of LTD benefits on June 26, 2013, the defendant affirmed its prior decision on August 23, 2013. *Id.* at ¶¶ 19, 21.

Based on the aforementioned allegations, the plaintiff asserted state-law causes of action for breach of contract and statutory bad faith (under 42 Pa.C.S. § 8371) in the original complaint. *Id.* at 8-9. On May 2, 2014, the defendant filed a notice of removal, stating that removal was proper under 28 U.S.C. § 1331, 28 U.S.C. § 1132, and 28 U.S.C. § 1441(b) insofar as the plaintiff was seeking to enforce a claim or right arising under ERISA. *See* Notice at ¶ 10. On June 11, 2014, the plaintiff filed an amended complaint in which he appears to have repeated the underlying factual allegations from the original complaint, but added an alternative ERISA claim in addition to the causes of action for breach of contract and statutory bad faith. Am. Compl. at 9-10, Doc. No. 3.

The defendant filed the instant motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on June 18, 2014. Doc. No. 5. The plaintiff filed a response to the motion on June 26, 2014. Doc. No. 6. The motion is ripe for disposition.

---

[1] The plaintiff alleges that although the defendant initially denied the claim for STD benefits, it reversed the denial after he appealed. Compl. at ¶ 9.

## II.     DISCUSSION

As indicated above, the defendant argues that the court should dismiss the plaintiff's causes of action for breach of contract and statutory bad faith because ERISA preempts these causes of action insofar as the Policy is an employee welfare benefit plan covered by ERISA. Mot. of Def. Liberty Mutual Ins. Co. to Dismiss Counts I and II of Am. Compl. Pursuant to Rule 12(b)(6) at ¶¶ 3-5; Mem. of Def. Liberty Mutual Ins. Co. in Sup. of Mot. to Dismiss Counts I and II of Pl.'s Am. Compl. at 3-6.  In response to this argument, the plaintiff acknowledges the preemptive effect of ERISA, but contends that there are questions of fact as to whether ERISA covers the Policy or whether it falls under ERISA's Safe Harbor Provision, 29 C.F.R. § 2510.3-1(j).  Mem. of Law in Sup. of Pl.'s Reply to Def.'s Mot. to Dismiss Counts I & II of the Am. Compl. at 2-4.

### A.     Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint or a portion of a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).  As the moving party, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

In general, a complaint is legally sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "The touchstone of [this] pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Although Rule 8(a)(2) does "not require heightened fact pleading of specifics," it does require the recitation of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## B.  Analysis

ERISA is a comprehensive statute that regulates private employee benefit plans.  *See* 29 U.S.C. § 1001(b) (indicating Congress enacted ERISA to "protect . . . participants in employee benefit plans and their beneficiaries, . . . by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts"); *see also Shaw v. Delta Air Lines*, 463 U.S. 85, 90 (1983) (explaining that ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans).  In enacting ERISA, Congress attempted to "provide a uniform regulatory regime over employee benefits."  *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004).  "To this end, ERISA includes expansive pre-emption provisions, *see* ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'"  *Id.* (quoting *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523 (1981)).  Because of these broad preemption provisions, ERISA preempts "any state-law cause of action that duplicates, supplements, or supplants [an] ERISA civil enforcement remedy."  *Id.* at 209.

Although ERISA has these broad preemption provisions, it does not regulate all employee benefits plans.[2]  In this regard, the Department of Labor has promulgated some "Safe

---

[2] ERISA governs two types of "employee benefit plans": "employee welfare benefit plans" and "employee pension benefit plans." 29 U.S.C. § 1002(3).  Only "employee welfare benefit plans" are applicable here, and ERISA defines such a plan as
> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or

Harbor" regulations, which exempt certain benefit plans from federal regulation. *See* 29 C.F.R. § 2510.3–1(j) (stating that an "employee welfare plan . . . shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization" meeting certain criteria). To qualify for the Safe Harbor provision, an employee welfare benefit plan must satisfy each of the following criteria:

> (1) No contributions are made by the employer or employee organization;
>
> (2) Participation in the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3–1(j)(1)-(4); "'All four factors must be met for a plan to fall within the regulation's safe harbor.'" *Spillane v. AXA Fin., Inc.*, 648 F. Supp. 2d 690, 695 (E.D. Pa. 2009) (quoting *Weinstein v. Paul Revere Ins. Co.*, 15 F. Supp. 2d 552, 557 (D.N.J. 1998)).

At this stage in the litigation, the court cannot determine whether the Safe Harbor provision applies to the Policy because the record is not fully developed. *See, e.g.*, *Keenan v. Unum Provident Corp.*, 252 F. Supp. 2d 163, 169 (E.D. Pa. 2003) (denying motion to dismiss state law claims for breach of contract and bad faith because of potential application of ERISA Safe Harbor provision "require[d] knowledge of facts not yet in evidence . . . [and] the court will need to make factual findings that require further briefing and testimony [before resolving this

---

program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability or unemployment . . . .

29 U.S.C. § 1002(1).

issue]"). Since the federal rules permit plaintiffs to present inconsistent claims, *see* Fed. R. Civ. P. 8(d)(3), the court will not dismiss the state law claims at this early stage in the proceeding even though the plaintiff will not be able to maintain the federal and state causes of action. Instead, the court will allow the parties to engage in discovery for a period of sixty days to determine the applicability of the Safe Harbor provision. Once the parties complete discovery on this issue, the parties may raise the issue of whether ERISA preempts the asserted state law claims in motions for summary judgment.

### III.   CONCLUSION

At this time, the record before the court is limited to the allegations in the amended complaint and a copy of the Policy. The plaintiff's contention that ERISA does not cover the Policy because of the applicability of the Safe Harbor provision raises questions of fact that the court cannot resolve at this time because of the limited record before the court. Accordingly, the court denies the motion to dismiss the state law claims in counts I and II of the amended complaint. The court will provide the parties with a period of sixty days to conduct discovery on the possible applicability of the Safe Harbor provision. Once the parties complete discovery on this issue, the parties may file motions for summary judgment so that the court can address ERISA preemption.

An appropriate order follows.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.